# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATHAM & WATKINS LLP<br>555 ELEVENTH STREET, N.W.,<br>SUITE 1000<br>WASHINGTON, D.C. 20004,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br>200 INDEPENDENCE AVENUE, S.W.<br>WASHINGTON, D.C., 20201,<br><br>            Defendant. | Case No. _____<br><br>Judge: _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Latham & Watkins LLP brings this Complaint for declaratory and injunctive relief, and states as follows in support thereof:

### PRELIMINARY STATEMENT

1. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257.

2. Last year, Plaintiff submitted thirteen FOIA requests to the National Cancer Institute (NCI), a division of the Department of Health and Human Services (HHS), in order to review government communications among environmental policy-makers.

3. As of the date of the filing of this Complaint, HHS has failed to produce records in response to these requests or provide any substantive response for 126 days (exclusive of weekends and holidays).

4. By failing to timely provide the requested records, HHS is actively impeding Plaintiff's access to government information and violating FOIA's statutory deadlines.

5. Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted applicable administrative remedies, Plaintiff now turns to this Court to enforce FOIA's guarantee of public access to agency records and to remedy the agency's withholding of that access. Accordingly, Plaintiff asks this Court to declare that HHS has violated FOIA, to order HHS to provide Plaintiff with legally compliant responses to each of thirteen outstanding record requests, and to grant other appropriate relief, including attorney's fees and costs.

## PARTIES

6. Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004. Latham submitted the subject FOIA requests on behalf of its client and likewise brings suit on behalf of its client.

7. Defendant Department of Health and Human Services (HHS) is an agency of the United States Government with various sub-divisions, institutes, and centers, including the National Cancer Institute (NCI). HHS is an agency within the meaning of 5 U.S.C. § 552(f)(1)

and 5 U.S.C. § 552a(a)(1). HHS is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201.

8.  HHS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint. HHS is in possession and control of the records that Plaintiff seeks, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## JURISDICTION

9.  This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.  Under FOIA, this Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). This Court also has the authority to award reasonable costs and attorney's fees. *Id.* § 552(a)(4)(E).

11.  This Court has personal jurisdiction over HHS pursuant to 5 U.S.C. § 552(a)(4)(B), as it is an agency of the United States Government.

12.  Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## LEGAL BACKGROUND

13.  FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

14.  FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. First, an agency must acknowledge receipt of a FOIA request, in

writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays, 5 U.S.C. § 552(a)(6)(A)(ii). Per HHS regulations, a request to that agency is considered perfected (*i.e.*, the statutory response time begins to run) when the request (i) has been received by the responsible FOIA office, or not later than ten days thereafter (exclusive of weekends and legal public holidays); (ii) the requested records are reasonably described; and (iii) the request contains sufficient information to enable the FOIA office to contact the requestor and transmit records. 45 C.F.R. § 5.24(b).

15. Next, an agency must respond to a party making a FOIA request within twenty days, exclusive of weekends and legal public holidays, notifying that party of the agency's determination whether or not to fulfil the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). The D.C. Circuit has held that such a determination requires the agency to indicate "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013) ("*CREW*"); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

16. An agency may extend this twenty-day period only in "unusual circumstances" as defined by 5 U.S.C. § 552(a)(6)(B)(iii). The agency must then make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may

lawfully withhold records, or portions of records, from disclosure under narrowly defined FOIA exemptions listed in § 552(b).

17. HHS's FOIA regulations require that where an agency cannot meet the statutory twenty-day deadline because of "unusual circumstances" the agency must notify the requestor, in writing, of the agency's inability to meet the deadline and provide the date by which the agency estimates processing will be completed. 45 C.F.R. § 5.24(f). Where the agency's deadline extension *exceeds* ten days, exclusive of weekends and legal public holidays, HHS must, *inter alia*, provide the requestor with an opportunity to modify the request or arrange an alternative time period for processing the request. *Id.*

18. FOIA permits each agency to promulgate regulations providing for the aggregation of requests by the same requestor, or by a group of requestors acting in concert, if the agency "reasonably believes that such requests actually constitute a single request, which would otherwise satisfy the unusual circumstances specified in this subparagraph, and the requests involve clearly related matters." 5 U.S.C. § 552(a)(6)(B)(iv).

19. HHS's FOIA regulations provide that an agency may "aggregate" requests where they "constitute a single request, involving clearly related matters, that would otherwise involve unusual circumstances." 45 C.F.R. § 5.24(g). In the event that requests are aggregated, they are treated as one request for the purposes of calculating response time. *Id.*

20. Aggregating a request does not excuse an agency from abiding by the statutory requirements or regulatory deadlines described herein. *Id.* For example, where an agency needs to extend the processing time for an aggregated request because of "unusual circumstances" the agency must notify the requestor, in writing, before expiration of the twenty-day statutory deadline—and where the extension of time for processing exceeds ten days, exclusive of

weekends and legal public holidays, the agency must, *inter alia,* provide the requestor with an opportunity to modify the request or arrange an alternative time period for processing the request. *Id.* § 5.24(f).

21. HHS's FOIA regulations further provide for a tracked response process that distinguishes requests as "simple" or "complex" based on the estimated number of workdays needed to respond. 45 C.F.R. § 5.24(e). The multi-track processing system does not alter FOIA's statutory deadlines for making determinations as to any FOIA request. *Id.* § 5.24(f).

22. Where an agency fails to make a timely determination with respect to a perfected FOIA request, a requestor has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

## FACTUAL BACKGROUND

23. Plaintiff submitted twelve FOIA requests on October 4, 2017 and one FOIA request on October 11, 2017 to NCI on behalf of a client. Plaintiff's thirteen FOIA requests are attached hereto as Exhibits C–O. HHS acknowledged receipt of each of the thirteen FOIA requests in a single letter dated October 18, 2017, and determined to aggregate the requests into one. *See* Exhibit A attached hereto.[1]

24. In HHS's acknowledgment letter, the agency did not notify Plaintiff of a date by which the agency estimated to complete processing of the aggregated request, or that it would be

---

[1] The October 18, 2017 letter indicates that the thirteen aggregated FOIA requests were "received in this office on October 10, 2017." *See* Exhibit A. However, Plaintiff did not mail one of the later-aggregated FOIA requests to HHS until October 11, 2017. For the benefit of the agency, therefore, we assume that the date of receipt of the aggregated request (the date triggering the twenty-day statutory deadline for a determination) is the latest possible day of receipt, October 18, 2017, and not the earlier date, October 11, 2017. 45 C.F.R. § 5.24(b)(1); 5 U.S.C. § 552(a)(6)(A)(ii).

6

unable to meet FOIA's twenty-day statutory deadline for a response. *Id.* The agency merely advised, "[w]e will do everything possible to comply with your request in a timely manner." *Id.*

25. In this acknowledgment letter (Exhibit A), the agency did not include any information about the scope of documents it had reviewed or planned to review, or about the documents it intended to produce and withhold. *Id.*

26. Because HHS did not notify Plaintiff that it was extending the time to make a determination with respect to the aggregated FOIA request, or notify Plaintiff of any alternative date by which to expect a determination, or otherwise indicate to Plaintiff, in writing, that it would be unable to meet the time limits prescribed by FOIA and HHS regulations, HHS was required to make a determination with respect to the aggregated FOIA request by November 16, 2017 (twenty days after October 18, 2017, exclusive of weekends and legal public holidays).

27. On March 22, 2017 (105 days after the statutory deadline for the FOIA determination, exclusive of weekends and legal public holidays), Plaintiff inquired as to the status of the search for responsive records to the aggregated request and requested the agency to provide a timetable for release of responsive records. *See* Exhibit B attached hereto.

28. On the same day, an agency representative advised that NCI was still processing the request. *See id*. The representative explained that, "due to a total of 13 requests being aggregated into one, and the several different email accounts that are being searched; it is taking a little longer to gather records." *Id.* The agency did not indicate a timetable for completed processing of the aggregated request or offer the opportunity to modify the request. *Id.* In its response, the agency did not include any information about the scope of documents it had reviewed or planned to review, or about the documents it intended to produce and withhold. *Id.*

29. As of the date of this Complaint (filed 126 days after the statutory deadline for the FOIA determination—November 16, 2017—exclusive of weekends and legal public holidays), HHS has not provided any further information regarding the processing of the aggregated request, or produced any responsive records to the aggregated request.

30. Accordingly, HHS has unlawfully failed to make a determination as to the aggregated request within FOIA's statutory deadline.  *CREW*, 711 F.3d at 186 (to make a "determination" in response to a FOIA request, the agency "must at least" (i) gather and review all records requested by Plaintiff, (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents, and (iii) inform Plaintiff that it can appeal portions of the determination that are "adverse."); 5 U.S.C. § 552(a)(6)(A)(i); *see also Seavey*, 266 F. Supp. 3d at 245.

31. Because the agency has failed to make a timely determination with respect to the aggregated FOIA request, Plaintiff has exhausted administrative remedies with respect to the aggregated request.  5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

**CLAIMS FOR RELIEF**

**<u>CLAIM I</u>**
**(Failure to Produce Records)**

32. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

33. FOIA requires agencies to timely search for and produce all records responsive to a request unless they are lawfully exempt from production.

34. Plaintiff submitted thirteen lawful, perfected requests for documents and records to HHS, which the agency received 126 days ago (exclusive of weekends and legal public holidays).

35. Plaintiff has a statutory right to receive a determination from HHS as to each of the thirteen FOIA requests within the time frames that Congress required through FOIA.

36. HHS violated FOIA by failing to make the required determinations in response to Plaintiff's outstanding FOIA requests dated October 4, 2017 and October 11, 2017, and failing to produce records in respond to any of Plaintiff's thirteen requests.

37. Plaintiff is being harmed by reason of HHS's violation of FOIA and its unlawful withholding of records to which Plaintiff is entitled. Plaintiff will continue to be harmed unless HHS is compelled to comply with the statute and produce the requested records.

### CLAIM II
**(Costs and Fees)**

38. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

39. Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

40. Plaintiff is statutorily entitled to recover attorney's fees and costs incurred as a result of HHS's failure to make timely determinations with regard to the thirteen FOIA requests (aggregated into one) at issue in this case. 5 U.S.C. § 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C. Cir. 2006) (complainant law firm is an organizational litigant statutorily eligible for costs and attorney's fees).

41. Plaintiff asks the court to order HHS to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and for the following relief:

(1) A declaration pursuant to 28 U.S.C. § 2201 that HHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's thirteen FOIA requests submitted to NCI dated October 4, 2017 and October 11, 2017.

(2) An order enjoining HHS to:

   a. Respond to Plaintiff's thirteen FOIA requests submitted to NCI dated October 4, 2017 and October 11, 2017;

   b. Release immediately all responsive records to Plaintiff's thirteen FOIA requests.

(3) An order awarding Plaintiff its costs and attorney's fees.

(4) Such other and further relief as the court deems just and proper.

Dated: May 18, 2018

Respectfully submitted,

/s/ Andrew D. Prins
Andrew D. Prins (D.C. Bar No. 998490)
Latham & Watkins LLP
555 Eleventh Street N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201

*Counsel for Plaintiff*